1. WILLS—PROBATE—CROSS-EXAMINING WITNESSES.
    On an application for the probate of a will the attorneys of the parties interested in the estate may cross-examine witnesses.

2. SAME—FORFEITURE OF LEGACY—OPPOSING WILL.
    One who appears in a proceeding for the probate of a will, and files objections and cross-examines witnesses, does not "prevent or oppose the execution" of the will, within a provision that such act on the part of the legatee should forfeit the legacy.

3. SAME—ELECTION BY LEGATEE.
    Where testatrix bequeathed the property of a legatee, and provided that, in case the legatee should "oppose the execution" of the will, the property should go to another, he forfeits his legacy by suing the administrator for conversion of his property which testatrix undertook to bequeath.

4. SAME—DIRECTION AS TO BURIAL.
    A condition imposed in a legacy that the legatee should bury testatrix in a certain cemetery is valid.

Judicial settlement of the accounts of Hiram E. Bratt, as executor of the will of Laura E. Riegle, deceased.

Charles F. Tabor, for the executor.

George W. Cothran, for contestant.

STERN, S. Hiram E. Bratt having rendered his account as executor under the will of Laura E. Riegle, deceased, this proceeding is on the judicial settlement thereof. Henry S. Riegle, widower and legatee under the will of the testatrix, objects to the allowance of several items for which the executor claims credit, embraced in Schedules A and C of the account, on the ground that the executor is not entitled to such credit. The executor, in reply, contends that Riegle cannot contest the account for the following reasons: (1) Because Riegle opposed the probate of the will; (2) because he prevented the execution of the will in bringing suit against the executor for converting certain articles of property which the testatrix bequeathed to other legatees; (3) because he did not bury the deceased in the burial ground at Hunt's Corners, as directed by her in her will. If the claim of the executor is well founded, there is no necessity for entering upon the merits of the objections made by Riegle. A party can only contest an account with respect to matters affecting his interest in the settlement and distribution of the estate. Code Civ. Proc. § 2728. The property of the testatrix consisted of a note, —the amount collected thereon by the executor being $806.23,— and household furniture, wearing apparel, a gold watch and chain, and other personal effects, inventoried at $225.73. The testatrix made the following disposition of her property: $500 to her husband, $50 to the Baptist home and foreign missions, $75 for her burial expenses, $50 for a gravestone, and the residue of the money due her from any and all sources to her sister, Nellie M. Cole. Her household furniture, wearing apparel, and other personal effects were distributed among her friends, and the closing dispositional clause reads as follows:

"Lastly. To Henry S. Riegle, my husband, my gold watch and chain, and the residue of my household goods. I also direct that my body be taken to the burial ground at Hunt's Corners for burial, in charge of Coleman & Jones, of Akron, undertakers. In case Henry S. Riegle prevents or opposes the execution of my will, I give all my personal property to Nellie M. Cole."

1. On the proceeding for the probate of the will Riegle appeared, and filed objections, alleging that the instrument propounded was not the will of the testatrix. The only witnesses examined were the subscribing witnesses and Cora Cole, called by the proponents to satisfactorily establish what was required to admit the instrument to probate. Riegle's attorney cross-examined these witnesses. This he would have had a right to do without the filing of objections. On probate proceedings the surrogate must inquire particularly into all the facts and circumstances, and must be satisfied with the genuineness of the will and the validity of its execution. Code Civ. Proc. § 2618. Upon such an inquiry it is the universal practice to permit the attorneys for the interested parties to examine and cross-examine witnesses. The inquiry related entirely to the examination

the surrogate was obliged to make. It seems to me that a formal appearance and such an examination ought not to work a forfeiture of a legacy. To so hold would be unjust and unreasonable, in view of the above provisions of the Code. It may be that the legatee, by the simple filing of objections, accomplishes the forfeiture, because the legatee is bound to strictly comply with all of the conditions attached to his legacy. Story, Eq. Jur. § 288. Riegle did not oppose or prevent the execution of the will. He interfered with none of the legal rights of the executor. He simply aided the surrogate in the performance of his bounden duty. I am led to the conclusion that, before there can be a forfeiture of the legacies given to Riegle, he must take some action beyond the ordinary cross-examination of witnesses necessary to prove the full execution of the will before the surrogate.

2. I agree with the executor in his contention that Riegle forfeited his legacies when he brought an action against the executor, although individually, for the conversion of certain articles of property used by the testatrix and her husband in housekeeping, and which the testatrix bequeathed to other legatees. He established his ownership in the action. But a testatrix may dispose of property not her own, and put the owner to an election whether he will give up his property to the legatee, and take the provision made for him, or forfeit the provision made in his favor, and keep what is his own. Havens v. Sackett, 15 N. Y. 365; Caulfield v. Sullivan, 85 N. Y. 153; In re Noyes, 5 Dem. Sur. 315; Leonard v. Steele, 4 Barb. 21. The intention of the testatrix is plain and unmistakable. She intended that these articles should be transferred to the legatees she named. Riegle prevented the consummation of her expressed wishes. He must be held strictly accountable, and suffer the consequences.

3. I must also sustain the executor in his proposition that Riegle forfeited his legacies when he failed to comply with the direction of the testatrix in relation to her burial. Riegle was informed of the contents of the will on the afternoon or evening of the day of her death. This information came to him after he had bought a lot in another cemetery, purchased the coffin, and engaged the undertaker. He had, however, ample opportunity to comply with her wishes had he so desired. He had charge of her funeral, and directed the preparations. The testatrix was not interred in the place where she directed, but in the lot which he purchased. Among the English cases I find a case decided in 1882,—Williams v. Williams, 20 Ch. Div. 659. Justice Kay was of the opinion that a direction by will as to the disposition of the body could not be enforced. There being no property in a dead body, it was impossible by will or any other instrument to dispose of it. The learned justice, however, was unable to find an authority precisely in point. Among the American cases I find that in 1872, in the case of Pierce v. Proprietors, 10 R. I. 227, Potter, J., gives an interesting review on matters relating to burials. He states that by the canon law every one was to be buried in the parish churchyard, or in his ancestral sepulchre (if any), or in such place as he might select; and that most people look forward to the proper disposition of their remains, and it is natural that they

should feel an anxiety on the subject; and the right of a person to provide by will for the disposition of his body has been generally recognized. Hon. Samuel B. Ruggles, in an interesting note on the law of burial (Append. 4 Bradf. Sur. 503), recognizes the right of such testamentary disposition, but no authority is quoted by him on the subject. A quotation to the same effect is found in Snyder v. Snyder, 60 How. Pr. 368. Many cases have come under my observation as surrogate where testamentary disposition has been made by a testator in relation to his funeral and burial, and it has been the universal custom, so far as my experience extends, to recognize such a right in the testator. The present state of society demands that courts should compel the performance of all reasonable directions made by a person in his will relating to his funeral and interment. If a person desires to pass from this earthly sphere through the legal process of cremation, he should have his testamentary wish effectuated by the court. I shall hold that the condition the testatrix imposed upon her husband to be buried in a certain cemetery is valid, and must be complied with before Riegle can take the legacy.

Having agreed with the executor in his second and third contentions, it will be unnecessary for me to enter into the merits of the objections raised by Riegle, which objections must be dismissed.

Ordered accordingly.

_____

(10 Misc. Rep. 486.)

### In re STRICKLAND'S ESTATE.

(Surrogate's Court, Cattaraugus County. December, 1894.)

1. EXECUTORS AND ADMINISTRATORS —ASSETS — PROFITS OF LAND WORKED ON SHARES.

The owner of land entered into an agreement with one J. providing that "the party of the first part [owner] agrees to rent his farm," with the stock thereon, to J. for a certain period; that J. should take the milk to the cheese factory, enter it in the name of the first party, to whom the proceeds should be payable, and do all the work on the place as the first party should direct; that each party should furnish half the seed and pay half the taxes; and that "otherwise the place is to be let to the halves." *Held*, that such agreement was not a lease, and therefore the proceeds of the milk sold to the cheese factory were personal assets, and did not go to the heirs as rent.

2. SAME—PAYMENT FOR SERVICES—MEMBER OF FAMILY.

The presumption that services rendered to decedent in his last illness by his daughter were gratuitous is overcome where it appears that the daughter was married, and at the beginning of her father's sickness left her home, and at his request stayed with him until he died, and he said that she should be paid for it.

Judicial settlement of the accounts of George M. Strickland, administrator of Samuel B. Strickland, deceased.

D. E. Powell, for administrator.

O. S. Vreeland, for contestant.