---

### In re KIRKHOLDER'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department.   January 22, 1916.)

1. WILLS ⬦⟹665—CONDITION—BEQUEST OVER IN CASE OF CONTEST.

Where a will contains a clause avoiding a legacy in case the legatee calls in question the validity of the will, the legatee does not forfeit his legacy by presenting for probate an alleged later will, where he acts in good faith, with probable cause to believe that such later will is a genuine instrument; but if he in bad faith presents for probate a spurious instrument, with intent to overthrow the prior genuine will, his legacy will be forfeited, for, in the second case, the legatee would not, by suppressing the spurious instrument, subject himself to the penalty prescribed by Pen. Code, § 2052, for suppressing a genuine will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1561–1569;  Dec. Dig. ⬦⟹665.]

2. WILLS ⬦⟹431—PROBATE—DECREE REFUSING—CONCLUSIVENESS—MATTERS CONCLUDED.

A decree of the surrogate, denying probate to a will on the ground that it was not the last will and testament of the deceased, is a conclusive adjudication to that effect.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 920–922;  Dec. Dig. ⬦⟹431.]

3. WILLS ⬦⟹431—PROBATE—DECREE REFUSING—CONCLUSIVENESS—MATTERS CONCLUDED—FINDINGS.

Where the decree of the surrogate denying admission to probate of an instrument offered as deceased's last will and testament was silent as to the grounds upon which it rested, except as indicated in the recital that the surrogate, not being satisfied of the genuineness of the instrument and the validity of the execution, refused probate, findings on which the decree was based may be considered, in order to ascertain what matters were concluded by the decree.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 920–922;  Dec. Dig. ⬦⟹431.]

4. WILLS ⬦⟹432—PROBATE—DECREE REFUSING—CONCLUSIVENESS—MATTERS CONCLUDED—RES JUDICATA.

Under the rule that, whenever the same question arises between the parties, in whatever form of action and whether involved directly or collaterally, they are forever precluded from questioning the adjudication, a decree of the surrogate, denying admission to probate of an instrument alleged to be deceased's last will and testament, is, though the decree

merely recited the surrogate was not satisfied of the genuineness of the instrument and validity of the execution, where his findings and opinion showed the will was written over a genuine signature of the testator, that the petitioner for probate was guilty of fraud in procuring its execution, and that it was a forgery, conclusive that the petitioner was guilty of fraud in offering the forged will for probate; hence she cannot take under a prior will providing for forfeiture of her legacy in case of attack on the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 923; Dec. Dig. ☞432.]

5. WILLS ☞651—LEGACIES—BURDEN OF PROOF.

On application to compel payment of a legacy, providing for forfeiture in case of attack on the will, denied because petitioner presented another instrument for probate as the testator's last will, petitioner, the findings of the surrogate denying admission to probate of the alleged spurious will indicating fraud, should show her good faith.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1542; Dec. Dig. ☞651.]

6. WILLS ☞348—PROBATE—DECREE REFUSING—CONSTRUCTION.

In such case, if the findings of the surrogate, with his decree denying probate of the second will, can be construed as consistent with good faith, they should be so construed, and the decree not taken as an adjudication against the petitioner's good faith.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 806; Dec. Dig. ☞348.]

Appeal from Surrogate's Court, Erie County.

Proceeding by Florine A. Kirkholder to compel payment of a legacy from the estate of William H. Kirkholder, deceased. From a decree of the surrogate (86 Misc. Rep. 692, 149 N. Y. Supp. 87), denying payment and dismissing the petition for a judicial settlement of the accounts of the executors, petitioner appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

John D. Teller, of Auburn, and D. N. McNaughton, of Buffalo, for appellant.

Simon Fleischmann and William C. Crombie, both of Buffalo, for respondents.

FOOTE, J. [1] I think a legatee, under a will which contains a clause avoiding the legacy in case he "controverts, disputes or calls in question the validity of the will," does not forfeit his legacy by presenting for probate an alleged later will, which is denied probate, provided he acts in good faith, with probable cause to believe that such later will is a genuine instrument and is entitled to probate. See In re Kathan's Will, 141 N. Y. Supp. 705, and the authorities there cited. But one who in bad faith presents for probate a spurious instrument, with intent thereby to overthrow and avoid a prior genuine will, does thereby, I think, controvert and call in question the validity of such genuine will within the intent and meaning of the above-quoted clause.

In this case, Mrs. Kirkholder, widow of the petitioner, petitioned the surrogate for the judicial settlement of the accounts of the executor and the payment of her legacy of $5,000. She had presented for pro-

bate an alleged later will, which was denied probate, and it has been held below that she thereby forfeited her legacy, because of the ninth clause of the will, which provides in substance that her legacy shall be added to and pass as a part of and under the residuary clause in case she shall "in any manner controvert, dispute or call in question the validity of this will." By offering for probate the alleged second will, she did not thereby controvert or dispute the legal validity of the prior will at the time it was made. She simply made the claim that testator had made a later will, which superseded it. If the testator did in fact make such later will, and she had possession of it, and had no reason to doubt its genuineness and legality, it was her duty to offer it for probate, as she was named in it as executor. If she had concealed or destroyed it with intent to prevent its probate, she would have been guilty of a felony, if it was a genuine will of testator. Penal Code, § 2052. It would be against public policy to subject her to a penalty or forfeiture for doing what it was her duty to do. But if she herself made and offered for probate a forged instrument purporting to be a later will, with intent to defeat the genuine will in all its provisions and to acquire the whole estate for herself, she should be held to have controverted and disputed the validity of the genuine will exactly as if she had contested its validity when offered for probate.

[2] The question, therefore, is whether she presented the second will with knowledge that it was not genuine, and with fraudulent intent to thereby defeat the earlier will. The learned surrogate has found as a fact that the alleged second will "was never in fact his [testator's] will, or executed or intended by him as such, but was a forgery and creation of and by the said Florine A. Kirkholder." If this finding is warranted by the proofs before him, then I think it follows, as he has held, that she did, in offering it for probate and seeking to sustain it by what must have been perjured testimony, thereby "controvert, dispute and call in question the validity of" the genuine will, within the intent and meaning of those words as used by the testator. This finding is based entirely on the decree of the surrogate refusing probate of the alleged second will, the surrogate's findings and opinion, and the will and papers then before him. There was no testimony of witnesses. The record of the testimony on which the surrogate's decision was based was not received, though offered in evidence by respondent.

The surrogate's decree denying probate to the second will does not in terms adjudge it to be a forged instrument, or that appellant had committed any fraud in its preparation or presentation for probate. There is a recital in the decree as follows:

"And the surrogate not being satisfied of the genuineness of the instrument propounded for probate as and for the last will and testament of said testator, and of the validity of its execution."

The form of the adjudication is:

"That the instrument propounded * * * is not the last will and testament of the said William H. Kirkholder, deceased, and that said instrument was not executed and attested in the manner prescribed by law for the execu-

tion and attestation of last wills and testaments, and that said instrument in writing is null and void as and for the last will and testament of the said William H. Kirkholder, deceased, and that probate thereof be and the same hereby is denied and refused."

Neither the above-quoted recital or adjudication, or both, convict appellant of bad faith in presenting the will for probate or of herself having forged the instrument. The surrogate's findings of fact were, in substance, that the signature was testator's genuine signature, the body of the will and of the attestation clause are in the handwriting of the appellant, Florine A. Kirkholder, and that the body of the will was written after testator had signed his name at the bottom of the sheet of paper, as appears from the fact that, as the writer of the body of the will approached the already existing signature of decedent, she crowded the writing and sought to avoid interfering with the signature, and finally in part "superimposed or overlapped" a portion of said signature with a portion of the writing of the body of the will. He finds that decedent did not subscribe or execute the paper as his will, or intend so to do, or authorize the writing above his signature; that the signature was not made in the presence of the witnesses, nor did testator acknowledge the same to them, or either of them, or declare the instrument to be his last will and testament; also that the instrument is not his will.

It was on these findings of fact alone that the learned surrogate must have based his finding in this proceeding that said instrument "was a forgery and creation of and by the said Florine A. Kirkholder." It was not so adjudged by the decree. The decree is res adjudicata as to the matters therein decided, viz., that the instrument propounded is not the last will and testament of deceased, and was not executed and attested in the manner prescribed by law, and is null and void as a will and is not entitled to probate.

[3-6] As the decree is silent as to the grounds upon which it rests, except as indicated in the recital, "the surrogate not being satisfied of the genuineness of the instrument * * * and of the validity of its execution," we may look into the surrogate's findings and opinion for the actual grounds of the decision. But, first of all, we should know the nature of the issue presented to the surrogate for decision. That appears from the petition for the probate of the will and the answer filed thereto by the contestants. This answer consists of 10 separately numbered paragraphs, in which the contestants in substance deny that the instrument propounded is the will of the deceased, that he signed it or acknowledged its execution to the attesting witnesses, or that the witnesses signed it at his request or in his presence, or that he declared it to be his will. Then follows the eighth paragraph, in which it is alleged that the instrument was obtained and its execution procured by fraud and circumvention and undue influence, practiced by petitioner and others; and the ninth, that it was not freely and voluntarily made, but that the subscription and publication were procured by fraud and coercion of the petitioner and others. Thus the petitioner is charged with fraud in procuring the execution of the will, and that was an issue presented for trial. The surrogate found as conclusions of law

that the objections filed by the contestant to the probate are sustained, that the will should be refused probate, that the said instrument is null and void as the last will of Kirkholder, and that the petitioner is personally charged with the costs of the proceeding. The surrogate also wrote an opinion, in which he says that the contestant's objections are based solely on a contention of forgery, or preparation of a paper purporting to be a will written afterward over the genuine signature of the decedent. After reviewing the evidence, the surrogate says that the testimony given by the experts—

"taken together with many suspicious circumstances and facts developed in the course of the trial, and which seem needless to enumerate, lead me to the irresistible conclusion that the proposed will was written up, to, and over the previously existing signature of the decedent, despite the direct evidence of the subscribing witnesses to the contrary."

The surrogate concludes his opinion as follows:

"The law is well established that the burden of proof is on the proponent to satisfactorily establish the fact that the instrument offered for probate is the last will and testament of the testator. Section 2614 of the Code of Civil Procedure provides: 'Before admitting a will to probate, the surrogate must inquire particularly into all the facts and circumstances, and must be satisfied with the genuineness of the will, and the validity of its execution.' In my opinion the proponent has failed to make this proof. On the contrary, I am convinced that the instrument offered is not the last will and testament of William H. Kirkholder, deceased."

If these findings and opinion of the surrogate establish or tend to establish that the will was denied probate because it was not a genuine instrument, but had been made and offered for probate fraudulently by the petitioner, then I think it was incumbent upon petitioner to show in reply, if she could, that she had been guilty of no fraud. She offered no such proof. These findings are evidence of the relevant facts found. Gugel v. Hiscox, 216 N. Y. 145, 110 N. E. 499. Construing this decree in the light of the surrogate's findings and opinion, I think it appears that the question of the appellant's good faith in presenting that will for probate was involved, and was decided against her, and that, in the absence of all explanation on her part, the decree and the findings and opinion on which it was based are prima facie evidence that appellant was guilty of forgery in preparing that will and offering it for probate.

If it were possible to construe the surrogate's findings as consistent with appellant's good faith in writing the body of the will and presenting it for probate, then I think we would be bound to so construe them, and to hold that the surrogate's decree is not res adjudicata upon that question. But I can suggest no construction of the surrogate's findings consistent with her good faith. If the question of appellant's good faith was not material to the decision of the surrogate, then his decree would not be res adjudicata upon that question. Cauhape v. Parke, Davis & Co., 121 N. Y. 152, 24 N. E. 185. But I think the question of her good faith was necessarily involved. Testator's signature to the will was admittedly his genuine signature. The body of the will was in her handwriting. If she wrote the will over his signature under the circumstances stated in the surrogate's findings, then she must have

been intending to commit a fraud upon the deceased and upon the legatees under his prior will. The rule of res adjudicata is thus stated by Judge Andrews in Stannard v. Hubbell, 123 N. Y. 520, 25 N. E. 1084:

"Whenever the same question arises between them, in whatever form of action, and whether involved directly or collaterally, they are forever precluded from averring and proving the fact to be otherwise. But this, we think, is the extent of the adjudication as evidence. It is final as to the immediate purpose and object of that action and as to every fact litigated and decided therein, having such a relation to the issue that its determination was necessary to the determination of the issue."

See, also, House v. Lockwood, 137 N. Y. 259, 33 N. E. 595; Lewis v. Ocean Navigation & Pier Co., 125 N. Y. 341, 26 N. E. 301; Carroll v. Carroll, 60 N. Y. 121, 19 Am. Rep. 144; Campbell v. Consalus, 25 N. Y. 613; Springer v. Bien, 128 N. Y. 99, 27 N. E. 1076. Many of the cases are reviewed by Judge Martin in Reynolds v. Ætna Life Ins. Co., 160 N. Y. 635, 55 N. E. 305.

My conclusion, therefore, is that the appellant was in fact and in legal effect adjudged to have fraudulently written and offered for probate the alleged will, and that the surrogate's findings and decree, together with his opinion, afford sufficient basis and foundation for his finding in the present proceeding to the effect that she forged that will.

It follows that the decree of the surrogate appealed from should be affirmed, with costs to the respondents to be paid by the appellant personally. All concur.