558

IN RE ESTATE OF HENRY HARTZ.
ELIZABETH CADE AND OTHERS v. ANNA HOFF,
ALSO KNOWN AS ANNA HUFF, AND ANOTHER.[1]

February 27, 1953.

No. 36,001.

See, In re Estate of Hartz, 237 Minn. 313, 54 N. W. (2d) 784.

*Foley & Foley* and *Harry H. Peterson,* for appellants.

*Clifford W. Gardner,* for respondents.

PER CURIAM.

Respondents move to dismiss an appeal from an order denying appellants' motion for amended findings or a new trial.

This case, which involves a will contest, was heard and disposed of on the merits upon a prior appeal. See, In re Estate of Hartz, 237 Minn. 313, 54 N. W. (2d) 784. In such prior appeal, although all issues were determined in favor of the proponents of the will including the issue of whether the evidence sustained the trial court's findings, the order appealed from was reversed and the case was remanded to the trial court for a vacation of the findings and for a reconsideration of the record and the making of new findings *for the sole reason that this court was unable to determine from the record whether the trial court had taken into consideration certain extrajudicial statements of one Anna Hoff as substantive evidence* and not merely for impeachment purposes. If the trial court had in fact considered the extrajudicial statements only for impeachment purposes, it was not for this court, which has only appellate jurisdiction, to make findings of its own or to assume arbitrarily that a consideration by the trial court of such extrajudicial statements as substantive evidence would necessarily result in the same findings. Since the filing of our prior decision, the trial court has in every respect complied with the mandate therein contained; and,

[1]Reported in 58 N. W. (2d) 57.

after making it clear that such extrajudicial statements had actually been considered as *substantive* evidence, it has made new findings which are identical with its original findings involved in the prior appeal.

It is not to be overlooked that the original and the new findings are not only identical but are also based on the same conflicting evidence which this court, on the prior appeal, found sufficient to sustain the original findings.

Where a supreme court's opinion leaves nothing for later determination by the district court except action to vacate findings and make new findings *for the sole purpose of disclosing whether the original findings were controlled by the application of an erroneous principle of law* and the district court complies strictly with the appellate court's mandate and makes new findings identical with the original findings and in so doing discloses that no error was made by the trial court, the issue of the sufficiency of the evidence to sustain the findings—and any other issue—which was adjudicated on the first appeal will not be reconsidered or readjudicated on a subsequent appeal and such subsequent appeal will be dismissed. Based on a policy of ending litigation, an adjudication on a first appeal is final and is the law of the case on all subsequent appeals in which the same facts are involved. See, 5 C. J. S., Appeal and Error, §§ 1821 to 1823.

Respondents' motion to dismiss appellants' appeal is granted.

Motion granted.