247 Minn. 362 (1956)
77 N.W. (2d) 169
IN RE ESTATE OF HENRY HARTZ.
V.C. SAND AND OTHERS
v.
ELIZABETH CADE AND OTHERS.
No. 36,725.
Supreme Court of Minnesota.
May 18, 1956.
*363 Clifford W. Gardner and Burkhardt & Dunlap, for appellants.
Holst, Erickson, Vogel & Richardson and Foley & Foley, for respondents.
THOMAS GALLAGHER, JUSTICE.
Appeal from a judgment wherein the district court reversed an order of the probate court of Wabasha County and determined that respondents here, cousins of Henry Hartz, deceased, and contestants of his last will, were entitled to bequests of $1,000 each as provided for therein. The order of the probate court, which was made on petition for allowance of final account and for a decree of distribution in the Hartz estate, had nullified such specific bequests to said respondents on the strength of a clause in the will which provided that:
"* * * Should any legatee herein directly or indirectly contest the validity of this Will and Testament in any manner, then any bequest, legacy and devise * * * hereinbefore made in favor of such person or persons shall be void and of no effect and such bequest, legacy and devise shall go to the St. Peter's and St. Paul's Catholic Church of Mazeppa, Minnesota, * * *."
Respondents had contested the will described, which left the residue and major portion of the estate to Anna Hoff, decedent's housekeeper, on the grounds of undue influence and lack of testamentary *364 capacity. They were unsuccessful in this contest, and the will was duly admitted to probate. See, In re Estate of Hartz, 238 Minn. 558, 58 N.W. (2d) 57; In re Estate of Hartz, 237 Minn. 313, 54 N.W. (2d) 784.
In the present proceedings, the district court found:
"That appellants [respondents here] did not prevail in their contest [of the will]; but that said contest was nevertheless begun and prosecuted in good faith and with probable cause. That it was not frivolous, vexatious nor actuated by malice.

* * * * *
"That * * * [the] Decree of Distribution provided for the final distribution of the estate; and that it ordered the payment of the several legacies provided for in the Will * * * excepting, * * * the legacies of these appellants [respondents here]."
Based upon such findings, the court decided that the probate court order disallowing such bequests be reversed and that respondents were each entitled to receive the amounts specified for them in the will. It ordered the case remanded to the probate court with directions to proceed in conformity with its decision. It is the contention of appellants  the executor, the residuary legatee, and the alternate beneficiary under the forfeiture clause  that under such clause respondents' actions in contesting the will nullified or voided the specific bequests made in their favor therein.
1. Prior hereto this court has not had occasion to consider the application and effect of a forfeiture clause such as here involved. Examination of the decisions of the appellate courts of other jurisdictions, however, is indicative that the majority of them have adopted the rule that such a clause is valid and enforceable, subject to the exception that it will not be held effective as to a bequest for a beneficiary who has unsuccessfully contested the will if it appears that the contest was instituted by such beneficiary in good faith and with probable cause to believe that the will was invalid. South Norwalk Trust Co. v. St. John, 92 Conn. 168, 101 A. 961; Matter of Kirkholder, 171 App. Div. 153, 157 N.Y.S. 37; Matter of Smyth, 246 App. Div. 820, 284 N.Y.S. 470, affirmed, 271 N.Y. 623, 3 N.E. *365 (2d) 453; Whitehurst v. Gotwalt, 189 N.C. 577, 127 S.E. 582; Wadsworth v. Brigham, 125 Ore. 428, 259 P. 299, 266 P. 875; Friend's Estate, 209 Pa. 442, 58 A. 853, 68 L.R.A. 447; Rouse v. Branch, 91 S.C. 111, 74 S.E. 133, 39 L.R.A. (N.S.) 1160; Sherwood v. McLaurin, 103 S.C. 370, 88 S.E. 363; Tate v. Camp, 147 Tenn. 137, 245 S.W. 839, 26 A.L.R. 755; In re Chappell's Estate, 127 Wash. 638, 221 P. 336; Dutterer v. Logan, 103 W. Va. 216, 137 S.E. 1, 52 A.L.R. 83; Will of Keenan, 188 Wis. 163, 205 N.W. 1001, 42 A.L.R. 836; Powell v. Morgan, 2 Vern. Ch. 90, 23 Eng. Rep. 668; Morris v. Burroughs, 1 Atk. 398, 26 Eng. Rep. 253; In re Estate of Cocklin, 236 Iowa 98, 17 N.W. (2d) 129, 157 A.L.R. 584; see, Annotation, 125 A.L.R. 1135.
2. The reason generally given in support of the majority viewpoint is that, if a will is actually invalid, a strict and literal interpretation of such a forfeiture clause might prevent establishment of its invalidity and thus thwart the course of justice. Thereby, it is logically argued, the persons who may have been instrumental in the creation of the invalid document and who are to profit most by its admission to probate are provided a helpful cover for their wrongful acts or designs. South Norwalk Trust Co. v. St. John, 92 Conn. 168, 101 A. 961. As stated in In re Estate of Cocklin, 236 Iowa 98, 112, 17 N.W. (2d) 129, 135, 157 A.L.R. 584, 593:
"* * * if a will were executed as the result of fraud, would not a legatee, who knew of the fraud but stood silently by fearing to risk loss of his legacy and accepted the fruits of the fraud, be morally a party to it? Also, a will executed by an incompetent is legally no more his will than if it were forged, and a will secured by undue influence is as repugnant to the law as one secured by fraud. Public policy forbids that one should be tempted to let such wills prevail. The administration of justice should not be frustrated in such a manner."
3. Courts holding the opposite viewpoint generally base their decisions upon the grounds that public policy does not invite or encourage the extensive litigation which might arise from a liberal construction of such forfeiture clauses; and that such a construction *366 would permit public disclosure of matters relating to the private life of a testator when he is no longer to be heard in explanation or denial thereof, and which, by the forfeiture provision, he presumably intended to keep from public scrutiny. Estate of Miller, 156 Cal. 119, 103 P. 842, 2 L.R.A. (N.S.) 868; In re Kitchen, 192 Cal. 384, 220 P. 301, 30 A.L.R. 1008; Rudd v. Searles, 262 Mass. 490, 160 N.E. 882, 58 A.L.R. 1548; Schiffer v. Brenton, 247 Mich. 512, 226 N.W. 253; Rossi v. Davis, 345 Mo. 362, 133 S.W. (2d) 363, 125 A.L.R. 1111; see, Matter of Bratt, 10 Misc. 491, 32 N.Y.S. 168; Bender v. Bateman, 33 Ohio App. 66, 168 N.E. 574; Barry v. American Security & Trust Co. 77 App. D.C. 351, 135 F. (2d) 470, 146 A.L.R. 1204; Provident Trust Co. v. Osborne, 133 N.J. Eq. 518, 33 A. (2d) 103; see, also, Annotation, 125 A.L.R. 1135.
4. After due consideration of these opposing viewpoints, we have determined to adopt the rule now followed by the majority of jurisdictions which to us seems more in conformity with the interests of justice and the dictates of public policy. Its application here would make the trial court's finding that the present will contest was instituted and prosecuted by respondents in good faith, and with probable cause to believe that the will was invalid, determinative of the ultimate issue relative to the specific bequests in respondents' favor. The finding appears to have adequate support in the evidence. At the trial it was stipulated that the evidence to be submitted be limited to files and proceedings, and to the briefs submitted by counsel, in the various hearings in the will contest, including the appeals to this court. The basic facts relative thereto may be found in our previous decisions herein. In re Estate of Hartz, 238 Minn. 558, 58 N.W. (2d) 57; In re Estate of Hartz, 237 Minn. 313, 54 N.W. (2d) 784. We have carefully examined all such files, proceedings, and briefs, and based thereon, we cannot escape the conclusion that contained therein is ample evidence to support the finding that the contest here was "begun and prosecuted in good faith and with probable cause" and "that it was not frivolous, vexatious nor actuated by malice." Since this is true, under our above determination, it follows *367 that the forfeiture clause relied upon by appellants may not be applied in nullifying the bequests made to respondents.
5. It is contended by appellants that the admission of the will to probate established the validity of the forfeiture clause therein so that the issue as to respondents' right to receive the specific bequests became res judicata. As indicated above, the validity of the forfeiture clause is recognized but its applicability here denied because of the finding that in the will contest respondents were motivated by good faith and had probable cause to believe the will invalid. In none of the proceedings relative to the will contest were issues as to the good faith of respondents in bringing such contest or as to their probable cause to believe the will invalid presented or determined. It is doubtful if evidence bearing thereon would have been admissible therein. It would follow that the affirmative finding on such issues in the present proceedings is determinative thereof, and under our construction of the forfeiture clause compels affirmance of the judgment.
The judgment appealed from is affirmed.
Affirmed.