In re the Marriage of Helen E.
McCLELLAND, Petitioner,
Respondent,

v.

Robert Rugh McCLELLAND, Appellant.

No. C1–86–621.

Court of Appeals of Minnesota.

Sept. 16, 1986.

Review Denied Nov. 17, 1986.

Judith L. Oakes, Susan E. Flint, Oakes & Kanatz, St. Paul, for petitioner, respondent.

Timothy A. Sullivan, Kathryn A. Graves, Moore, Costello & Hart, St. Paul, for appellant.

Heard, considered and decided by FOLEY, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

Appellant Robert McClelland appeals from the amended judgment and decree

entered by the trial court following a reversal and remand from the Minnesota Supreme Court. *See McClelland v. McClelland,* 359 N.W.2d 7 (Minn.1984). On remand, the trial court awarded respondent permanent spousal maintenance and reserved jurisdiction to modify the award. We affirm.

## FACTS

The facts of this case are set forth in *McClelland v. McClelland,* 359 N.W.2d 7 (*McClelland I*). In summary, the parties' twenty-year marriage was dissolved by a decree entered on January 3, 1983. At the time of the dissolution, respondent Helen McClelland was 44 years old and appellant was 50. In 1983, appellant had a gross annual income of $230,000 and a net monthly income of $9,000. Respondent, a college graduate, was a homemaker during the marriage. The trial court awarded respondent $2,000 a month for spousal maintenance until she "dies, remarries or further Order of the Court."

In *McClelland I,* the supreme court reversed the trial court's permanent maintenance award, stating that this case did not present "one of those exceptional situations where permanent maintenance is warranted." *McClelland,* 359 N.W.2d at 10. It determined that "maintenance for a period of time (rehabilitation maintenance) rather than for a lifetime (permanent maintenance) is indicated here." *Id.* The court did provide that:

In the case of an older, dependent spouse in a lengthy "traditional" marriage, where rehabilitation maintenance is used and the contemplated success of the rehabilitation plans is not clear from the record, the trial judge should consider retaining continuing jurisdiction to revise, if necessary, the amount and duration of the maintenance.

*Id.* The court concluded:

We reverse * * * the maintenance award insofar as it is permanent, and we remand to the trial court to provide for maintenance for such period of time and

on such basis as will properly reflect the relevant factors set out in the statute. *Id.* at 11.

After the Supreme Court issued its opinion in *McClelland I,* the Minnesota legislature amended the spousal maintenance statute. By that amendment, which became effective on August 1, 1985, the legislature added the following subdivision to section 518.552:

Subd. 3. Nothing in this section shall be construed to favor a temporary award of maintenance over a permanent award, where the factors under subdivision 2 justify a permanent award.

Where there is some uncertainty as to the necessity of a permanent award, the court shall order a permanent award leaving its order open for later modification.

1985 Minn.Laws ch. 266, § 2.

On remand, the case was reassigned to the same trial judge. Appellant objected to this assignment and filed an affidavit of prejudice against that judge on January 11, 1985. Another appeal followed the trial judge's refusal to recuse herself. In November, 1985 the supreme court issued its opinion in *McClelland v. Pierce,* 376 N.W.2d 217 (Minn.1985) (*McClelland II*), and held that appellant's January 11, 1985, affidavit of prejudice against the trial judge was untimely. Again the case was remanded to the trial court.

On November 22, 1985, the trial court issued an order amending the original judgment and decree. Two relevant changes in the original findings and conclusions were made. The trial court added the following finding:

Based on the evidence adduced at trial, the Court is unable to determine whether [respondent] will be fully self-supporting at such time as she completes her rehabilitative plans.

The trial court also added the following underlined sentence to its conclusions of law:

5. [Appellant] shall pay to [respondent] as and for spousal maintenance the sum of $2,000 per month payable one-half on

the 1st and one-half on the 15th days of each month commencing on January 1, 1983, and continuing thereafter until [respondent] dies, remarries or further Order of the Court. *Continuing jurisdiction is hereby reserved in order to revise, if necessary, the amount and duration of the maintenance awarded [respondent].*

On November 26, 1985, respondent served appellant with notice of filing of the trial court's order. On February 14, 1986, the court entered an amended judgment and decree. Appellant filed this appeal of the amended judgment on April 4, 1986. Appellant's petition for accelerated review was denied by the supreme court.

## ISSUES

1. Was this appeal timely filed?

2. Did the trial court abuse its discretion in awarding permanent maintenance on remand?

## ANALYSIS

### I.

■ Respondent argues that this appeal was not timely filed. She asserts that appellant failed to file his appeal within thirty days after being served with notice of the filing of the court's November 1985 order. *See Angelos v. Angelos,* 367 N.W.2d 518 (Minn.1985). The trial court's November 1985 order was not a typical post-dissolution decree order. Rather it was an order amending the judgment which was issued after the supreme court's reversal and remand of the original judgment. Thus, appellant properly appealed from the amended judgment within the ninety-day appeal period applicable to judgments. *See* Minn. R.Civ.App.P. 104.01.

### II.

Appellant claims that the trial court had no authority to award respondent permanent maintenance following the supreme court's remand in *McClelland I.*

Initially, we agree with appellant that the trial court did not follow the supreme court's mandate in *McClelland I.* A clear reading of *McClelland I* indicates that the supreme court did not give the trial court the discretion to award permanent maintenance on remand. The supreme court stated three times that the facts gave rise to rehabilitative maintenance, rather than permanent maintenance. *See McClelland,* 359 N.W.2d at 10–11.

We then must address whether the trial court was required to follow *McClelland I* despite the legislature's 1985 amendment to Minn.Stat. § 518.552. The trial court did not cite the amended law, but it followed the amendment's suggested approach of awarding permanent maintenance when there is uncertainty as to the necessity of a permanent award. *See* Minn.Stat. § 518.-552, subd. 3 (Supp.1985).

Appellant relies on the general doctrine of "the law of the case" to support his argument that the trial court was required to follow the supreme court's mandate in *McClelland I* regardless of the intervening change in the applicable statutory law.

An appellate court decision on a given issue establishes "the law of the case" which must be followed on remand in the trial court or on a later appeal in the appellate court. *Lange v. Nelson-Ryan Flight Service, Inc.,* 263 Minn. 152, 155, 116 N.W.2d 266, 269 (1962), *cert. denied,* 371 U.S. 953, 83 S.Ct. 508, 9 L.Ed.2d 500 (1963); *In re Estate of Hartz,* 238 Minn. 558, 559, 58 N.W.2d 57, 58 (1953). There is a well-recognized exception, however, that the "law of the case" doctrine must yield to an intervening change of controlling law. *Amen v. City of Dearborn,* 718 F.2d 789, 794 (6th Cir.1983), *cert. denied,* 465 U.S. 1101, 104 S.Ct. 1596, 80 L.Ed.2d 127 (1984). This exception arises out of the general principle that a court is to apply the law in effect at the time it renders its decision, unless doing so would alter rights that had matured or become unconditional, would impose new and unanticipated obligations on a party, or would work some other injustice due to the nature and identity of

the parties. *Bradley v. School Board of City of Richmond*, 416 U.S. 696, 717, 720, 94 S.Ct. 2006, 2020–21, 40 L.Ed.2d 476 (1974). *See also Holen v. Minneapolis-St. Paul Metropolitan Airports Commission*, 250 Minn. 130, 136, 84 N.W.2d 282, 287 (1957).

▮ We conclude that it was not error for the trial court to apply the amended section 518.552 to this case. First, there is no mature or vested right in an existing law or action until a final judgment has been entered. *See id.* at 136, 84 N.W.2d at 287; *State v. Chicago Great Western Railway Co.*, 222 Minn. 504, 511, 25 N.W.2d 294, 298 (1946). In *Schwarzkopf v. Sac County Board of Supervisors*, 341 N.W.2d 1 (Iowa 1983), the Iowa Supreme Court defined a "vested right" as:

[A] right is not "vested" unless it is something more than a mere expectation, based on an anticipated continuance of present laws. It must be some right or interest in property that has become fixed or established, and is not open to doubt or controversy.

*Id.* at 8 (quoting *Leach v. Commercial Savings Bank*, 205 Iowa 1154, 1165, 213 N.W. 517, 521 (1927)).

A maintenance award even if classified as permanent is subject to modification at any time during its effectiveness under Minn.Stat. § 518.64 (Supp.1985).[1] Therefore, it is questionable whether either an obligor or an obligee can acquire a vested or matured right in continued, unmodified maintenance. Further, if a motion for modification of maintenance were brought by either party during its period of payment or reservation, the provisions of section 518.552 in effect at the time of the modification motion would be applied.[2]

However, even assuming arguendo that rights in maintenance may in some cases vest or mature, there are no such rights here. The original decree provided for permanent maintenance. The supreme court's ruling and remand on the maintenance issue did not finally resolve the issue. Nor was it decided upon the entry of the amended judgment and decree upon remand. The issue remains undecided upon this appeal. No final decision regarding the duration of maintenance has been made in this case as yet. At no time has appellant had more than an expectation of a judgment that would oblige him to pay maintenance for a specific limited period. Whatever interest he had in an anticipated or desired result was not a vested or matured right sufficient to protect him from the effect of the amendment to section 518.552.

We are aware of the language in *Holen* indicating that a judgment is final after the "appellate court has pronounced its decision." 250 Minn. at 136, 84 N.W.2d at 287. *Holen* dealt with the finality of a judgment pending an appeal. It did not address whether there is a final judgment after an appellate court has issued its decision and remanded to the trial court for further proceedings. We decline to extend the language in *Holen* to this case. We believe common sense dictates the conclusion that the supreme court's decision in *McClelland I* was not a final judgment giving rise to any vested or matured rights.

In addition, applying the amendment to this case did not impose substantially new and unanticipated obligations on appellant. Following *McClelland I*, appellant knew of his obligation to provide respondent with

1. Minn.Stat. § 518.64, subd. 1 reads in relevant part:

After an order for maintenance or support money, temporary or permanent, * * * the court may from time to time on petition of either of the parties * * * modify the order respecting the amount of maintenance or support money, and the payment of it * * *.

2. Minn.Stat. § 518.64, subd. 2 reads in pertinent part:

On a motion for modification of maintenance, the court shall apply, in addition to all other relevant factors, the factors for an award of maintenance under section 518.552 that exist at the time of the motion.

*See also Hadrava v. Hadrava*, 357 N.W.2d 376 (Minn.Ct.App.1984), applying the support guidelines set forth in Minn.Stat. § 518.551 to all modification motions brought pursuant to section 518.64.

maintenance. The only issue to be determined on remand was the duration of that obligation. There was a broad range of possibilities from which the trial court could choose in setting that duration. Application of amended section 518.552 to this case results only in shifting to appellant the burden of proving by a preponderance of the evidence at some time in the future that a modification of maintenance is warranted. We do not believe that the trial court erred in directing appellant to pay maintenance until he can make such a showing, nor do we believe that such directive from the trial court imposes an additional or unanticipated obligation upon appellant. *Cf. Newman Signs, Inc. v. Hjelle,* 317 N.W.2d 810, 815–16 (N.D.1982).

We are aware that courts are cautious in applying a new law to a pending private case involving individuals. *See Bradley,* 416 U.S. at 717, 94 S.Ct. at 2019. It is in private pending cases that application of new law may cause a manifest injustice. *Id.* Under the circumstances present in this protracted litigation which has been so costly in both emotional and financial terms, we conclude that application of amended section 518.552 works no injustice. On the contrary, were we to ignore the amended version of section 518.552 we believe there would be both frustration of the intent of the legislature, and additional adverse consequences visited upon the parties at this time.

Finally, we recognize that most of the case law herein cited deals with application of intervening changes of law at the appellate level, rather than at the trial court level. *But see Amen,* 718 F.2d at 793–94. However, we do not believe this distinction compels a different result than that reached here. Adherence by the trial court to the supreme court's mandate in *McClelland I,* and subsequent appeal by respondent from the amended judgment and decree would have placed this proceeding in the precise posture of our cited cases.

Because of our determination regarding this issue, we need not consider the other issues raised on appeal.

## DECISION

The trial court did not abuse its discretion in awarding respondent permanent maintenance and reserving jurisdiction to modify the award in the future.

Affirmed.