In the Matter of the ESTATE OF
Henry PEPPLER, Deceased.

Kent Peppler, Personal Representative
of the Estate of Henry Peppler,
Appellant,

v.

Gladys Connelly, Appellee.

No. 97CA1873.

Colorado Court of Appeals,
Div. II.

Dec. 10, 1998.

Wade Ash Woods Hill & Farley, P.C., James W. Hill, David M. Swank, Denver, Colorado, for Appellant.

Myer, Swanson, Adams & Wolf, P.C., Rendle Myer, Thomas J. Wolf, John M. Anderson, Denver, Colorado, for Appellee.

Opinion by Judge VOGT.

Kent Peppler, as personal representative of the Estate of Henry Peppler (testator), appeals the district court's order directing him not to enforce a no-contest clause in testator's will against Gladys Connelly (beneficiary). We reverse and remand for further proceedings.

In 1984, testator executed a will which included a bequest of $40,000 to beneficiary, his daughter, and left most of the balance of his estate to his son, who was the personal representative's father. The 1984 will contained a no-contest clause, which provided that any beneficiary who "directly or indirectly initiates legal action to contest or attack the validity of this will or becomes an adverse party in a proceeding for its probate" would forfeit his or her interest under the will.

After testator died, beneficiary's daughter filed a petition for probate of a will dated February 19, 1992 (the 1992 will) that contained provisions more favorable to beneficiary than those in the 1984 will. The personal representative, acting at that time as conservator for the estate of the son, objected to admitting the 1992 will to probate. By stipulation of the parties, beneficiary was substituted as proponent of the 1992 will in place of her daughter.

After a three-day bench trial, the district court denied admission of the 1992 will to probate, finding that testator lacked testamentary capacity to execute it and that it was the product of undue influence exerted upon testator by beneficiary. The court then admitted the 1984 will to probate without any objection by beneficiary.

The personal representative filed a petition for instructions regarding enforcement of the no-contest clause in the 1984 will. He contended that beneficiary's attempt to admit the 1992 will to probate constituted an attack on the 1984 will within the meaning of that clause and that she therefore had forfeited her right to the $40,000 bequest under the 1984 will.

The district court declined to order enforcement of the no-contest clause. It concluded that beneficiary did not directly or indirectly contest the 1984 will by offering the 1992 will for probate. The court found that beneficiary was "well-intended" and seemed to have been doing what she felt was right, but had herself been "badly advised and improperly influenced by her then-attorneys" when the 1992 will was executed. It further found that the Colorado Probate Code provision addressing no-contest clauses, §15–12–905, C.R.S.1998, did not apply in this case.

### I.

The personal representative contends that the district court erred in instructing him not to enforce the no-contest clause. We conclude that further proceedings are required to determine whether the no-contest clause was enforceable.

### A.

As an initial matter, we agree with the personal representative that the district court erred in concluding that beneficiary's acts did not constitute an attack on the 1984 will.

In determining interests under a will, a court must ascertain the testator's intent and must then give effect to that intent unless it is contrary to law or public policy. *See Meier v. Denver United States National Bank,* 164 Colo. 25, 431 P.2d 1019 (1967); *In re Estate of Holmes,* 821 P.2d 300 (Colo.App.1991). Because construction of a will is a question of law, a reviewing court is not bound by the district court's construction. *Meier v. Denver United States National Bank,* 164 Colo. 25, 431 P.2d 1019 (1967).

While no-contest clauses in wills are generally held to be valid and not violative of public policy, such clauses are to be strictly construed, and forfeiture is to be avoided if possible. *See In re Estate of Bergland,* 180 Cal. 629, 182 P. 277 (1919); *In re Estate of Mank,* 298 Ill.App.3d 821, 232 Ill.Dec. 918, 699 N.E.2d 1103 (Ill.App.1998); *In re Estate of Hamill,* 866 S.W.2d 339 (Tex.App.1993).

No-contest clauses are phrased in a variety of ways. Whether a beneficiary's acts violate a no-contest clause may depend on how broadly the clause is drafted. *See generally* M. Begleiter, *Anti–Contest Clauses: When You Care Enough to Send the Final Threat,* 26 Ariz. St. L.J. 629 (1984).

Offering a subsequent will for probate can constitute a contest or attack within the meaning of a no-contest clause. *See In re Estate of Bergland, supra; In re Estate of Kirkholder,* 171 A.D. 153, 157 N.Y.S. 37 (N.Y.App.Div.1916); *In re Estate of Westfahl,* 674 P.2d 21 (Okla.1984).

Here, the no-contest clause states that it applies to any beneficiary who "directly or indirectly initiates legal action to contest or attack the validity of this will." Beneficiary argues that, even if offering the 1992 will for probate is deemed an attack on the 1984 will, her acts do not come within the language of the no-contest clause because it was her daughter—the nominated personal representative under the 1992 will—and not she who initiated proceedings for probate of the 1992 will.

We conclude that testator's use of the words "directly or indirectly" unambiguously evidences an intent to broaden the applicability of the no-contest clause, and that this language encompasses a situation in which a beneficiary indirectly initiates legal action by substituting herself for her daughter after the petition for probate has been filed. Thus, beneficiary's acts constituted an attack on or contest of the 1984 will.

### B.

Having concluded that beneficiary's actions fall within the no-contest clause, we must next determine whether the clause is never-

theless unenforceable because enforcement would be contrary to law or public policy. We conclude that a remand is required to resolve this issue.

### 1.

■ Courts have generally declined to enforce no-contest clauses where the beneficiary challenging the will acted in good faith and had probable cause for the challenge. *See Colorado National Bank v. McCabe,* 143 Colo. 21, 353 P.2d 385 (1960) (no-contest clause did not apply to a beneficiary who had challenged a will provision as violative of the rule against perpetuities, where the petition for construction of the will was made with probable cause); *see also In re Estate of Campbell,* 19 Kan.App.2d 795, 876 P.2d 212 (Kan.App.1994) (adopting rule of Restatement (Second) of Property §9.1 (1981), which states that no-contest provisions are valid "unless there was probable cause for making the contest or attack"); *In re Estate of Seymour,* 93 N.M. 328, 600 P.2d 274 (N.M.1979) (no-contest provisions are not effective to disinherit a beneficiary who has contested a will in good faith and with probable cause to believe the will was invalid); *In re Will of Keenan,* 188 Wis. 163, 205 N.W. 1001 (Wis. 1925) (requiring forfeiture where legatee contested will upon probable cause and in good faith is contrary to public policy).

■ "Probable cause," in the context of attacks on wills, is defined as "the existence, at the time of the initiation of the proceeding, of evidence which would lead a reasonable person, properly informed and advised, to conclude that there is a substantial likelihood that the contest or attack will be successful." Restatement (Second) of Property, *supra,* §9.1 comment j; *see In re Estate of Campbell, supra* (applying Restatement definition). One factor which bears on the existence of probable cause is that the beneficiary relied upon the advice of disinterested counsel sought in good faith after a full disclosure of the facts. *See* Restatement (Second) of Property, *supra,* §9.1 comment j.

The good faith-probable cause exception to enforcement of a no-contest clause has been applied in cases where the asserted attack or contest consists of offering a later will for probate. *See In re Estate of Westfahl, supra,* 674 P.2d at 25 ("An attempt in good faith to probate a later purported will, spurious in fact, but believed to be genuine by the one presenting it for probate, does not render the offeror subject to the forfeiture provisions of no contest clauses if he/she has probable cause to believe that the instrument is genuine and entitled to probate"); *In re Estate of Bergland, supra* (although seeking to probate a later will known to be false would amount to a contest, an attempt made in good faith to probate a later will that was spurious in fact but was believed to be genuine by its proponent did not require forfeiture); *cf. In re Estate of Kirkholder, supra* (ordering forfeiture pursuant to no-contest clause where beneficiary did not establish that she offered second will in good faith and with probable cause to believe it was entitled to probate). In these cases, a significant factor supporting a finding of probable cause was that the person offering the later will for probate was under a statutory duty to do so. *See In re Estate of Westfahl, supra; In re Estate of Kirkholder, supra.*

The Colorado Probate Code includes a provision addressing no-contest clauses, §15–12–905, which has not been the subject of any reported Colorado decision. In construing this statute, we look to the common law principles set forth above for guidance. *See* §15–10–103, C.R.S.1998. Section 15–12–905 states:

> A provision in a will purporting to penalize any interested person for contesting the will or instituting other proceedings relating to the estate is unenforceable if probable cause exists for instituting proceedings.

The district court found the statute inapplicable because beneficiary "did not contest the 1984 will, nor did she institute other proceedings concerning the 1984 will." On appeal, both parties agree that the statute is relevant to the issue presented here, although they disagree as to whether beneficiary had probable cause for offering the 1992 will for probate.

We agree that the statute applies in this case. As noted, offering a later will for probate can constitute a contest of an earlier

will. Further, the statutory reference to "instituting other proceedings relating to the estate" encompasses proceedings for probate of the 1992 will.

### 2.

The personal representative contends that the probable cause exception cannot apply here because the district court's finding of undue influence on the part of beneficiary established as a matter of law that beneficiary was not acting in good faith or with probable cause when she sought admission to probate of the 1992 will.

Courts that have addressed this issue have reached varying results. *Compare In re Estate of Westfahl, supra* (although subsequent will offered by decedent's son was found to have been procured by son's undue influence, no-contest clause in earlier will would not apply to him because he had an obligation to produce for probate subsequent will which was in his possession) *and Harkins v. Crews*, 907 S.W.2d 51 (Tex.App.1995) (jury finding that will was procured by undue influence did not preclude finding that proponents had acted in good faith and with just cause; issue of good faith was a question of fact, to be determined from all existing facts and circumstances), *with In re Estate of Radon*, 338 So.2d 256 (Fla.App.1976) (finding of undue influence on part of appellee was sufficient to establish her lack of good faith in offering will for probate).

■ We decline to hold that, as a matter of law, a finding of undue influence precludes applying the good faith-probable cause exception. Under the particular facts and circumstances of a given case, there may be a basis for concluding that a beneficiary acted in good faith and with probable cause in offering a will for probate, even if it is later determined that the will was the product of undue influence.

■ We cannot determine from the record before us whether this is such a case. The transcript of the bench trial regarding the 1992 will is not included in the record on appeal. The district court found at the conclusion of that trial that beneficiary had been "well-intended in trying to do what she thought was right and best"; that it would not attribute any negative motive to her; that it thought the evidence showed the attorneys "plotted this whole scenario and left [beneficiary] holding the bag"; and that she was simply following the advice she had been given. One year later, in ruling on the personal representative's request regarding enforcement of the no-contest clause, the court again found that beneficiary was well-intended but had been badly advised by her attorneys.

These findings indicate that the court believed beneficiary was acting in good faith when she obtained the 1992 will. However, while good faith is a relevant consideration, the court's findings do not fully resolve the issue of whether there was probable cause for offering the 1992 will for probate under the standards for probable cause set forth above. For example, the definition of probable cause contemplates a determination of whether a "reasonable person, properly informed and advised" would have concluded that the petition for probate of the 1992 will would succeed. Such a determination must be made in the first instance by the district court.

We accordingly remand the cause to the district court for a determination of whether there was probable cause for institution of the proceedings regarding the 1992 will. If so, the no-contest clause may not be enforced against beneficiary. If not, the personal representative is entitled to enforce the clause.

### II.

Beneficiary has filed a motion to strike portions of the personal representative's opening brief herein which she contends are not supported by the record. Because we have not relied on the statements of fact challenged by beneficiary, the motion is denied as moot.

The order is reversed and the cause is remanded for further proceedings in accordance with this opinion.

CRISWELL and CASEBOLT, JJ., concur.