In the Matter of the ESTATE and Last Will and Testament OF Otis H. EVERSOLE, Deceased.

Otis EVERSOLE, Jr., Anthony Eversole, and Mark Eversole, Appellants,

v.

Bill R. SCARTH, Executor of the Estate of Otis H. Eversole, Appellee.

No. 70531.

Court of Appeals of Oklahoma, Division No. 3.

July 5, 1989.

Rehearing Denied Aug. 18, 1989.

Certiorari Denied Feb. 21, 1990.

Ken Ray Underwood, Tulsa, for appellants.

John Scott, Tulsa, for appellee.

## MEMORANDUM OPINION

REYNOLDS, Judge:

Otis H. Eversole (testator), now deceased, executed his last will and testament on November 8, 1974. Pursuant to the terms of the will, testator devised and bequeathed to his second wife, Maggie Jean Eversole, all personal property and the homestead.

Testator also bequeathed to his second wife, in trust, a portion of his estate;

"equal in value to the maximum marital deduction allowed ... under the provisions of the Internal Revenue Code upon the basis of the value of my adjusted gross estate as finally determined for Federal Estate Tax purposes, less the value of any property or interest in property qualifying for said marital deduction which pass or have already passed to my wife under other provisions of this Will, by operation of law, or otherwise."

The remainder of testator's estate was bequeathed to Appellants, testator's sons by his first wife, and to his stepson.

Under the federal tax law in effect at the time testator executed his will, the maximum marital deduction allowed was approximately one-half (½) of the estate. 26 U.S.C. § 2056. Pursuant to the Federal Economic Recovery Tax Act of 1981, the

law was changed to allow for an unlimited marital deduction. Furthermore, our legislature also enacted 84 O.S.Supp.1983, § 186, which provides:

"Any will of a decedent dying after December 31, 1981, which contains a marital deduction formula expressly providing that the spouse of the testator is to receive the maximum amount of property qualifying for the marital deduction allowable by federal law shall be construed as referring to the unlimited marital deduction provided by the Economic Recovery Tax Act of 1981, Public Law 97–34. This provision shall apply retrospectively to wills of decedents dying after December 31, 1981."

Testator died on August 21, 1983, after the effective date of the above provision.

On September 27, 1983, testator's will was admitted to probate. Appellee, as executor of the estate, filed an inventory and several accountings valuing the estate at $2,761,520.00.

Approximately three years later, Appellants filed a motion for interpretation of will and claim to estate in district court. Appellee filed a motion to dismiss Appellants' motion on the ground that such motion was, in reality, a contest to the provisions of the will filed out of time, and did not comply with the statutory requirements for contesting a will pursuant to 58 O.S. 1981, § 61.

Appellee further contended that Appellants' motion was in derogation of the no-contest provision of testator's will, which provided:

"If any legatee, devisee or beneficiary under this Will contests the probate or validity of this Will or any provision thereof, or institutes or joins in (except as a party seeking to uphold the provisions of this Will), any proceeding to contest the validity of this Will, or to prevent any provision thereof from being carried out in accordance with its terms (regardless of whether such proceedings are instituted in good faith and with probable cause), then all-legacies, devises and benefits provided in this Will to or for such persons are revoked and are

void and have no effect. All such legacies, devises and benefits to or for such person shall in such event pass to or be held for persons other than such person and such person's issue in the manner provided in this Will as if such person or such person's issue had all failed to survive."

The trial court granted Appellee's motion to dismiss Appellants' motion for interpretation, and this appeal followed.

Appellants first contend on appeal that the clear intent of the testator mandates that Appellants receive a share of the estate and the trial court erred in dismissing their motion for interpretation of the will and claim to estate without making an interpretation of the will and determination of heirship.

Upon the admission of a will to probate, the district court has a duty to determine heirship and distribute the estate after a final accounting has been made. 58 O.S. 1981, §§ 631, 632. Appellee, as executor, has filed a fourth accounting with the district court, but no final accounting has been made nor a determination of the heirs entitled to distribution of testator's estate.

The order of the district court sustaining Appellee's motion to dismiss does not set forth findings of fact supporting the court's decision to summarily dismiss Appellants' motion for interpretation without allowing evidence to be heard.

 In Oklahoma, an heir has the right to petition for an award or interest in an estate prior to the time of the final accounting. *In re Tayrien's Estate,* 207 Okl. 401, 250 P.2d 16 (1952). Matters decisive of the distribution of an estate are properly heard and determined at the hearing on the final account and petition for distribution after proper order and notice. 84 O.S.1981, §§ 251, 252, 253. See *Steger v. Gibson,* 287 P.2d 687 (Okla.1955); *Blasingame v. Gathright,* 284 P.2d 431 (Okla. 1955); *Boyes' Estate v. Boyes,* 184 Okl. 438, 87 P.2d 1102 (1939). The Appellants, as testator's natural sons, necessarily have a great interest in the court's determination of heirship in this sizeable estate.

■ The primary purpose in construction of wills is to ascertain and give effect to the intention of the testator. 84 O.S. 1981, § 151; *Miller v. First National Bank & Trust Co.,* 637 P.2d 75 (Okl.1981). Each will must be construed by examining the peculiar surrounding circumstances, language employed and intention of the testator gathered from the general situation. *Matter of Estate of Westfahl,* 674 P.2d 21 (Okla.1983).

■ In case of uncertainty or ambiguity arising from the face of a will as to the application of any of its provisions, the testator's intent is to be determined from the words of the will, taking into view the circumstances under which it was made, exclusive of the testator's oral declarations. 84 O.S.1981, § 152. Extrinsic evidence is admissible to resolve ambiguity in the text of a will or created by the existence of facts extraneous to it. *Crump's Estate v. Freeman,* 614 P.2d 1096 (Okla.1980).

■ It is clear from the four corners of testator's will that testator intended to bequeath part of his estate to his children at the time he executed the instrument. It is also clear the testator intended to provide a trust for his second wife. The ambiguity arises from the change in the tax laws since testator made his will. It is unclear whether testator intended his second wife to take the equivalent of the marital deduction regardless of what that deduction might be at the time of his death, or whether he intended to bequeath to her one-half of his estate (under the tax law in effect at the time he made the will) and to bequeath the remaining one-half of his estate to his children.

We find the district court prematurely dismissed Appellants' motion for interpretation of the will, without hearing extrinsic evidence to clarify the ambiguities created by the marital deduction provision. Without such evidence, it is not possible for the trial court to make a proper determination of heirship upon the understanding of testator's true intent.

■ We further find that Appellants' motion for interpretation of the will does not constitute a contest to the terms of testator's will. There has been no determination of heirship necessitating a contest.

■ The word "contest" as it pertains to a no-contest clause, is defined as, "any legal proceeding designed to result in the thwarting of the testator's wishes as expressed in the will." *Matter of Estate of Westfahl,* 674 P.2d at 24. Whether there has been a contest within the meaning of the word used in the clause of testator's will, is decided according to the circumstances of each case. *Matter of Estate of Westfahl,* supra.

As our Supreme Court explained in *Westfahl,* 674 P.2d 21, 24:

"However, a clear and unequivocal attack must be made on the will before the penalty contained in the no-contest clause will be invoked. The meaning of the word used by the testator and the consideration of the purpose is the determinative factor in ascertaining whether the proceedings constitute a will contest within the purview of the no-contest clause. The intention of the testator is controlling; when the court construes a will, it must ascertain and give effect to the testator's intent, unless the intent attempts to effect what the law forbids. Each will must be construed by examining the peculiar surrounding circumstances, the language employed, and the intention of the testator gathered from the general situation. Attendant circumstances may be contemplated to perceive the testator's true intent and the testator's feelings toward the beneficiary named in the will."

Appellants did not meet the statutory requirements for contesting a will because their request for interpretation of the will did not constitute a contest. See 58 O.S. 1981, § 61. Appellants are not contending that this will was not executed by their father, that he was not competent or was under duress, or that subsequent codicils exist. There has been no contest which would invoke the no-contest clause of the will. *Matter of Westfahl,* supra.

The obvious intent of the testator to provide for his surviving spouse, and to obtain

favorable tax treatment as set forth in Article III of the will cannot be reconciled with testator's intent to provide for his natural children and stepson. Testator's intent at the time of his execution of the will in 1974 is yet to be ascertained so that a proper determination of heirship and distribution of the estate in accordance with testator's last wishes can be effected.

We therefore reverse and remand this case to the district court for hearing, at which time both parties should be allowed to present extrinsic evidence concerning the testator's intent at the time of the execution of the will.

The trial court's judgment is hereby REVERSED and REMANDED for hearing consistent with the views expressed herein.

BAILEY, C.J., and GARRETT, P.J., concur.