1998 OK CIV APP 116

**In the Matter of the ESTATE OF Loretta MASSEY, Deceased.**

**Lloyd Lee STARR, Jr., Personal Representative, Plaintiff/Appellee,**

v.

**Ed WEMMERUS, Defendant/Appellant.**

No. 89882.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 26, 1998.

Desmond Sides, Poteau, for Defendant/Appellant.

Robert A. Wallace, Poteau, for Plaintiff/Appellee.

## OPINION

GARRETT, Judge:

¶1 Loretta Massey, Deceased, had two children, Lloyd Lee Starr, Jr., Appellee, and a daughter who predeceased Massey. Appellant, Ed Wemmerus, is Massey's grandson and the son of Massey's predeceased child. On July 13, 1996, after her daughter's death, Massey executed a will which was typewritten in her own words. She did not seek legal counsel before writing her will. It includes the following provisions:

ITEM FOUR: I hereby state that I have one son, Lloyd Lee Starr JR., and I hereby give, devise and bequeath all my property, real, personal or mixed and regardless of where the same may be situated to my son, named above.

I state that I am married now, but that I owned property prior to my marriage that I received as a settlement in the divorce case with. my former husband, Lloyd Starr. I request that all my properties and proceeds upon my death go to my son, Lloyd Lee Starr Jr.

ITEM. SIX: Should any person other then (sic) my son, Lloyd Lee Starr Jr. claim any part of my estate as an heir or otherwise and successfully establish such claim, then' I give, devise and bequeath unto such person or persons the sums of One Dollar ($1.00), each and no more.

Massey did not mention her deceased daughter or the daughter's children in the will. A petition to admit the will to probate was filed. Wemmerus filed a Contest of Will Before Probate and an Application for Share as Pretermitted Heir.[1] The court denied the will

---

1. 84 O.S.1991 § 132 provides:

§ 132. Provision for children unintentionally omitted

When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section. [Footnote omitted.]

contest; and, entered an order, holding that Wemmerus was a pretermitted heir because he was unintentionally omitted from Massey's will.[2] Later, at the final hearing, the court held the "no contest" clause in Massey's will applied to Wemmerus and awarded him only $1.00. Wemmerus filed a motion for new trial which was overruled. He appeals.

¶2 The only issue present for reversal is whether the court, after adjudicating the grandson was a pretermitted heir, erred in enforcing the "no contest" provision against him. We must decide whether the actions taken by Wemmerus constituted a "contest" under 58 O.S.1991 § 41[3] and the will's no contest provision.

■■■ ¶3 The validity of "no contest" clauses in wills has been upheld. *Matter of Estate of Zarrow*, 1984 OK 27, 688 P.2d 47; *Matter of Estate of Westfahl*, 1983 OK 119, 674 P.2d 21. They are favored by public policy because they protect estates from costly, time consuming and vexatious litigation and minimize family bickering concerning the competence and capacity of the testator and the amounts bequeathed. *Matter of Estate of Zarrow*, and *Matter of Estate of Westfahl*, supra. A provision in a will requiring forfeiture must be strictly construed and interpreted reasonably in favor of the benefi-

ciary. *Id.* The word "contest" was defined by the *Westfahl* Court, at 1983 OK 119, ¶5, 674 P.2d at 24:

> The word, contest, as it pertains to a no contest clause is defined as *any legal proceeding designed to result in the thwarting of the testator's wishes as expressed in the will.* Whether there has been a contest within the meaning of the language used in the clause is decided *according to the circumstances in each case* .... The intention of the testator is controlling; when the court construes a will, it must ascertain and give effect to the testator's intent, unless the intent attempts to effect what the law forbids. Each will must be construed by examining the peculiar surrounding circumstances, the language employed, and the intention of the testator gathered from the general situation. Attendant circumstances may be contemplated to perceive the testator's true intent and the testator's feelings toward the beneficiary named in the will. [Emphasis supplied] [Footnotes omitted].

¶4 In his Contest of Will Before Probate, Wemmerus alleged the following grounds for denying the will to probate:

(1) That the instrument is not the last will of the testator, based on the format of the

---

84 O.S.1991 § 131, the "preceding section" noted in § 132, provides:
**§ 131. After-born children not provided for in will**
Whenever a testator has a child born after the making of his will, either in his lifetime or after his death, and dies leaving such child unprovided for by any settlement, and neither provided for nor in any way mentioned in his will, the child succeeds to the same portion of the testator's real and personal property that he would have succeeded to if the testator had died intestate.

**2.** The court's ruling that Wemmerus was a pretermitted child appears to have been correct. However, that order has not been appealed and has become final.

**3.** 58 O.S.1991 § 41 provides:
**§ 41. Proceedings on contest**
If anyone appears to contest the will, he must file written grounds of opposition to the probate thereof, and serve a copy on the petitioner and other residents of the county inter-

ested in the estate, any one or more of whom may demur thereto upon any of the grounds of demurrer allowed by law in civil actions. If the demurrer be sustained, the court must allow the contestant a reasonable time, not exceeding ten (10) days, within which to amend his written opposition. If the demurrer is overruled, the petitioner and others interested may jointly or separately answer the contestant's grounds, traversing or otherwise obviating or avoiding the objections. Any issues of fact thus raised, involving:
1. The competency of the decedent to make a last will and testament.
2. The freedom of the decedent at the time of the execution of the will from duress, menace, fraud, or undue influence.
3. The due execution and attestation of the will by the decedent or subscribing witnesses; or,
4. Any other questions substantially affecting the validity of the will must be tried and determined by the court.
On the trial the contestant is plaintiff, and the petitioner is defendant.

will (omission of page numbers, a numbered paragraph, the date and a notation by Massey that it is her last will);

(2) That the instrument is not signed by Massey at the end thereof, alleging improper attestation, notarization, and declaration by Massey that the instrument was her last will; and

(3) That the witnesses to said instrument did not sign their names thereto, alleging the lack of evidence that the witnesses signed at Massey's request or in her presence, and that the signatures are not notarized.

¶ 5 Clearly, the grounds alleged by Wemmerus fell within the statutory grounds for will contests under 58 O.S.1991 § 41. His purpose in filing this Contest of Will Before Probate was to obtain an order denying admission of the will to probate. The only question involved when a will is offered for probate is the factum of the will, i.e., whether it was executed and attested in the form required by statute, whether the testator was competent to make a will and whether he or she was free from undue influence, fraud or duress. See *In re Fletcher's Estate*, 1954 OK 99, 269 P.2d 349. A will is not void because the testator fails to name all heirs in the will. The effect of that failure is not determined in a will contest before probate. Its effect is determined at the time of the distribution of the property under the will. See *Fisher v. Gear*, 196 Okl. 18, 162 P.2d 182 (1945); *In re Harjoche's Estate*, 193 Okl. 631, 146 P.2d 130 (1944). On the same day he filed the will contest, Wemmerus also filed his Application for Share as Pretermitted Heir which claimed his right to share in the distribution of Massey's estate. These documents sought very different relief. The former, i.e., the contest, if successful, would have caused the will to be denied probate, and Massey would be intestate. The latter, i.e., the pretermitted heir application, would have given Wemmerus an intestate share, leaving the reminder of the estate to pass under the will. These forms of relief are separate issues and independent of one another.

¶ 6 We hold Wemmerus' contest of the will (as distinguished from his request to be determined to be a pretermitted heir) constituted a "legal proceeding designed to result in the thwarting of the testator's wishes". Under the circumstances of this case, considering the language used in the clause and the grounds raised by Wemmerus in his will contest, we hold Wemmerus' actions constituted a "contest" which violated the will's no contest clause. The trial court correctly held that the no contest clause was applicable to Wemmerus.

¶ 7 **AFFIRMED.**

JOPLIN, P.J., and JONES, V.C.J., concur.