# IN THE COURT OF APPEALS OF IOWA

No. 22-1135
Filed May 24, 2023

**IN THE MATTER OF THE ESTATE OF MICHAEL W. MARLEY II, Deceased.**

**JOEL MARLEY,**
        Appellant.
_____

Appeal from the Iowa District Court for Monona County, Jeffrey A. Neary, Judge.

A beneficiary of a will appeals a ruling denying a request to remove the executor and find a no-contest clause triggered. **AFFIRMED.**

Stanley E. Munger of Munger, Reinschmidt & Denne, LLP, Sioux City, for appellant.

Elizabeth R. Meyer of Dentons Davis Brown PC, Des Moines, for appellee.

Heard by Ahlers, P.J., Badding, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**AHLERS, Presiding Judge.**

Michael Marley II died testate on March 7, 2018. His sister, Teresa McCandless, serving as executor of his estate, submitted a 2016 will to probate. A cousin, Joel Marley, objected to the 2016 will claiming it was "the product of incompetence, undue influence[,] and fraud." Along with his objection, Joel filed Michael's 2012 will, which Joel contended was the valid will to probate. Joel then filed a petition to contest the 2016 will. Teresa, both as executor and individually, sought dismissal of Joel's petition.

Following a trial, the court determined Michael lacked testamentary capacity to execute the 2016 will and Teresa exerted undue influence over him to have it executed. As a result, the court set aside the 2016 will. This ruling was not appealed.

Less than two months later, Teresa, acting as executor, filed an application to probate the 2012 will.[1] After the court accepted the 2012 will for probate, Joel filed a motion seeking to enforce a no-contest clause in the 2012 will. That clause—found in Article V of the will—sought to disinherit any individual who challenged the 2012 will. Article V reads:

> It is also my will and I hereby direct that if any person entitled to any legacy, devise or bequest under the terms of this will shall directly or indirectly contest or dispute the probate of this will or institute or become a party to instituting any proceedings, suit or action for the purpose of abrogating, setting aside, breaking or changing the effect of this will wholly or in part, then and in that event, any devise, bequest or legacy declares in favor of such person by said will or provided for therein shall immediately thereupon be

---

[1] This is the same will Joel attached to his filings objecting to probate of the 2016 will. Both the 2016 and 2012 wills nominated Teresa as executor, but they contained different distribution schemes. As one would expect given the contest, Teresa fared better under the 2016 will and Joel fared better under the 2012 will.

revoked, cease and become wholly void and of no effect, and the devise, bequest or legacy of such party shall be added to the other devisees and legatees set forth in my said last will and testament.

I direct my executor to expend monies from the estate to enforce this provision.

Joel also filed a motion to remove Teresa as executor and to appoint himself as executor instead.

Following a hearing, the court found Teresa did not directly or indirectly challenge the 2012 will when she submitted the 2016 to probate, so she did not trigger Article V. The court also declined to remove Teresa as executor because she did nothing to make herself unsuitable to serve in that role.

Joel appeals. He claims the court should have enforced Article V and also removed Teresa as executor. The proceedings at issue are in equity, so we review Joel's claims de novo. *See* Iowa Code § 633.33 (2022); Iowa R. App. P. 6.907.

## I.      Article V—The No-Contest Clause

We first address Joel's claim that Teresa's act of submitting the 2016 will to probate instead of the 2012 will triggered the no-contest clause found in Article V. "A 'no-contest' . . . clause declares that one who attacks a will forfeits any interest in the decedent's estate or at least will suffer a limitation of his or her interest." *In re Est. of Workman*, No. 16-0908, 2017 WL 706342, at *1 (Iowa Ct. App. Feb. 22, 2017) (ellipsis in original) (quoting 80 Am. Jur. 2d *Wills* § 1323 (2d ed. 2016)).

However, a no-contest clause will not be enforced if the person contesting the will does so in good faith and with probable cause. *Id.* at *2 (citing *In re Estate of Cocklin*, 17 N.W.2d 129, 135 (Iowa 1945)). "Although our courts subscribe to two standards—good faith and probable cause—those standards overlap and have been applied interchangeably." *Id.*

> Persons have "probable cause for initiating civil proceedings against" others if they "reasonably believe[] in the existence of facts upon which [the] claim is based and reasonably believe[] that under such facts the claim may be valid at common law or under an existing statute, or so believe[] in reliance upon the advice of counsel received and acted upon."

*Id.* (alterations in original) (citation omitted). "The 'good faith' requirement has been variously interpreted, with jurisdictions applying definitions that can be categorized along a continuum from a subjective to an objective standard . . . ." *Id.* (ellipsis in original) (citation omitted). Our courts consider whether the challenger acted on advice of counsel, whether the challenger understood the testator's intentions, and "the strength of the challenger's will contest" among any other relevant considerations. *Id.* We consider whether a person's conduct amounts to a will contest on a case-by-case basis. *See* 80 Am Jur. 2d. *Wills* § 1328; *Redman-Tafoya v. Armijo*, 126 P.3d 1200, 1209 (N.M. Ct. App. 2005).

Joel argues Teresa's filing of the 2016 will was a direct challenge to the 2012 will. We disagree. A will is directly challenged when an interested person petitions "to set aside the probate of [the] will by filing a written petition in the probate proceedings." *See* Iowa Code § 633.308; *see also Martin v. Ullsperger*, 822 N.W.2d 382, 385 (Neb. 2012) ("A contestant generally contests a will by filing a petition objecting to the informal probate of the will or by asking the court to set aside an informal probate. Either petition will result in a formal testacy proceeding." (footnote omitted)). That is not what occurred here. Teresa's filing of the 2016 will was not a direct challenge to the 2012 will.

Joel also contends Teresa's filing of the 2016 will amounted to an indirect challenge to the 2012 will. This is a closer question. Authority suggests that

attempting to probate a later will knowing that it is invalid constitutes a challenge to a prior, valid will such that the attempt would trigger a no-contest clause. *See, e.g.*, *In re Est. of Bergland*, 182 P. 277, 279 (Cal. 1919) ("If an attempt were made knowingly to probate a spurious will of a later date which purported to distribute the testator's estate in a manner different from that of the genuine will, such an attempt would quite certainly come within the language of the forfeiture clause as an attempt to defeat the provisions of the will."). However, neither party, nor the probate court, found an Iowa case with a fact pattern similar to this case to consider. Teresa points us to an Oklahoma case, *In re Estate of Westfahl*, 674 P.2d 21 (Okla. 1983). We find the case instructive.

In *Westfahl*, the executor of an estate, the decedent's daughter, petitioned to admit a 1963 will to probate. 674 P.2d at 23. The decedent's son objected and offered a 1976 will. *Id.* The court eventually found the 1976 will invalid because it had been procured through the undue influence of the son. *Id.* The court instead probated the 1963 will, which had a no-contest clause that the sister sought to enforce against the brother. *Id.* The Oklahoma Supreme Court determined that the son did not contest the validity of the 1963 will by submitting the 1976 will and the no-contest clause was not triggered. *Id.* at 25.

In reaching this conclusion, the *Westfahl* court considered both good faith and probable cause when determining whether the brother's submission of the 1976 will amounted to an indirect challenge. *Id.* at 24–25. It aptly explained,

> An attempt in good faith to probate a later purported will, spurious in fact, but believed to be genuine by the one presenting it for probate, does not render the offeror subject to the forfeiture provisions of no contest clauses if he/she has probable cause to believe that the instrument is genuine and entitled to probate. This rule is premised

on two tenets: (1) It cannot be presumed that the testator intended to limit his/her freedom of subsequent testamentary action, and (2) it is the duty of a legatee/devisee, named as executor, to offer a subsequent will for probate, and it would be contra to public policy to subject him/her to sanctions for performing a statutory duty.

*Id.* at 25. We adopt this reasoning to conclude Teresa did not indirectly challenge the 2012 will by submitting the 2016 will for probate.

Still, Joel contends that Teresa could not have had probable cause or a good faith belief that the 2016 will was genuine because it was procured through her undue influence and when Michael lacked testamentary capacity. In so arguing, Joel attempts to paint Teresa as a nefarious character who took advantage of her vulnerable brother. The probate judge—the same judge who presided over the trial challenging the validity of the 2016 will—rejected such notion, instead finding Teresa's influence over Michael came from her role "of a caretaker and problem-solver as opposed to an opportunistic will usurper." We defer to this finding by the probate court, as it had the advantage of seeing and evaluating the parties during the 2016 will contest proceedings. Nothing suggests Teresa had any reason to believe that the 2016 will was invalid when she submitted it to probate. Instead, she believed it to be Michael's final will and submitted it to probate in good faith. *See In re Est. of Falck*, No. 02-0016, 2003 WL 1524129, at *4–5 (Iowa Ct. App. Mar. 26, 2003) (suggesting the preferred course when there are multiple wills is for the executor to submit the latest will—which can then be contested if an interested party desires to do so—rather than submitting a prior will).

Taking all the circumstances noted into consideration, we agree with the probate court that Teresa did not challenge the 2012 will by attempting to probate the 2016 will and Article V was not triggered.

## II. Removal of Teresa as Executor

Next, we turn to Joel's contention that Teresa should be removed as executor and replaced with himself. Teresa urges us to consider his argument waived because Joel presents no legal authority to support his claim. She cites to Iowa Rule of Appellate Procedure 6.903(2)(g)(3). Rule 6.903(2)(g)(3) requires a brief to include "[a]n argument containing the appellant's contentions and the reasons for them with *citations to the authorities relied on* and references to the pertinent parts of the record in accordance with rule 6.904(4). *Failure to cite authority in support of an issue may be deemed waiver of that issue*." (Emphasis added.) Joel claims the rule "is not mandatory and it was certainly not [his] intention to waive this issue."[2] We agree with Teresa that Joel's failure to cite *any* supporting authority waives his claim on appeal. *See id.*

Even if we reached the merits of Joel's claim, he would not be successful. The probate court is afforded broad discretion when deciding whether to remove an executor. *In re Est. of Jones*, 492 N.W.2d 723, 726 (Iowa Ct. App. 1992). An executor may be removed if the party seeking removal establishes the executor is unsuitable. *See id.* at 725 (recognizing burden of proving allegation is on party seeking removal); *In re Est. of Denzler,* No. 09-0665, 2009 WL 5126351, at *1

---

[2] We assume Joel's reference to the nonmandatory nature of the rule is meant to highlight that we are not required, only permitted, to find an issue waived for failure to provide supporting authority rather than intending to suggest he is not required to provide supporting authority.

(Iowa Ct. App. Dec. 30, 2009) (recognizing an executor may be removed for unsuitability).

> Unsuitability may be based upon grounds for believing that an executor's continuance in office will be likely to render the execution of the will or the administration of the estate difficult, ineffective, or unduly protracted. Actual dereliction in duty need not be shown. A conflict of interest may support removal as well as unwarranted hostility between the executor and beneficiaries.

*Denzler*, 2009 WL 5126351, at *1 (internal citations omitted). Joel has not established unwarranted hostility between Teresa and beneficiaries, any conflict of interest on Teresa's part, or that her continued role as executor will impede execution of the will or administration of the estate. So we agree with the probate court that Teresa need not be removed from her role as executor.

## III. Conclusion

Teresa did not challenge the 2012 will when she submitted the 2016 will to probate, so she did not trigger the no-contest clause in the 2012 will. By failing to cite supporting authority, Joel waived his claim that Teresa should be removed as executor and replaced by himself. Even if we reached the merits, Joel has not met his burden to establish that Teresa should be removed.

**AFFIRMED.**