OSCN Found Document:IN THE MATTER OF THE ESTATE OF McKINNEY

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN THE MATTER OF THE ESTATE OF McKINNEY
2025 OK CIV APP 7
Case Number: 121097
Decided: 08/28/2024
Mandate Issued: 03/06/2025
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2025 OK CIV APP 7, __ P.3d __

 

LAWRENCE J. WARFIELD, as Bankruptcy Trustee for Pamela McKinney, Petitioner/Appellant,
v.
BRADLEY MILLS, Respondent/Appellee.

APPEAL FROM THE DISTRICT COURT OF
PUSHMATAHA COUNTY, OKLAHOMA

HONORABLE JANA WALLACE, ASSOCIATE DISTRICT JUDGE

AFFIRMED

Eric Grantham. STIPE LAW FIRM, McAlester, Oklahoma, for Petitioner/Appellant

Amber C. Duncan, AMBER C. DUNCAN LAW OFFICE, PLLC, Antlers, Oklahoma, for Respondent/Appellee

GREGORY C. BLACKWELL, JUDGE:

¶1 Lawrence J. Warfield, as bankruptcy trustee for Pamela McKinney, appeals an order of the district court approving the final account for the estate of Pamela's father, John Eddie McKinney. The final account invoked a no contest clause in the testator's last will and testament that disinherited Pamela. Upon review, we affirm the order of the district court, holding that the trial court properly enforced the no contest clause.

BACKGROUND

¶2 On May 31, 2019, John Eddie McKinney executed a will from his hospital bed in Pushmataha County Hospital in Antlers, Oklahoma. John's friend, Bradley Mills, assisted with the creation of the will and was also named the executor of the will. On July 3, 2019, John passed away in the hospital. Eight days after John passed, Pamela petitioned the local district court for letters of administration. Although she stood to inherit one-fourth of the residuary of her father's estate under the 2019 will, Pamela sought to invalidate that will, alleging that John lacked testamentary capacity, that the will did not conform to the requisite statutory formalities, and that it was the product of Bradley Mills's undue influence. After a trial was held on the validity of the will, the trial court entered an order admitting the will to probate and issued letters testamentary to Bradley. Paula appealed, but this Court affirmed the decision of the trial court admitting John's will to probate. See Opinion (May 28, 2021), Case No. 118,954 (prior opinion).

¶3 Following the administration of the estate, Bradley filed his final account and petition for an order allowing final account, determination of heirs, distribution, and discharge. Therein, he sought to enforce the no contest clause--also known as an in terrorem clause or forfeiture clause--included in the will to disinherit Pamela completely. Pamela's bankruptcy trustee filed an objection to the final accounting, arguing that Oklahoma recognizes a good faith or probable cause exception to the enforcement of no contest clauses. Specifically, he argued that probable cause existed for this will contest and the district court should therefore decline to enforce the no contest clause. The court overruled the trustee's objection, effectively disinheriting Pamela from the will. The trustee appeals.

STANDARD OF REVIEW

¶4 "Probate proceedings are of equitable cognizance." In re Estate of Sneed, 1998 OK 8953 P.2d 1111Id. "This Court will not interfere with [a] trial court's construction of a will unless it is clearly against the weight of the evidence." Cavett v. Peterson, 1984 OK 59688 P.2d 52Savage v. Hill, 1959 OK 157346 P.2d 323

ANALYSIS

¶5 The no contest clause in John's will reads as follows: "I hereby state that should someone come forth and contest the validity of this, my last will and testament, then and in that event, I hereby state that such person or persons shall receive nothing from my estate." Generally, a no contest clause of a will is to be upheld if it is not against public policy or the rule of law. Matter of Estate of Westfahl, 1983 OK 119674 P.2d 21Id. ¶ 5. The intent of the testator must be ascertained from the entire instrument and construed together with the surrounding facts and circumstances of each individual case. Matter of Estate of Zarrow, 1984 OK 27688 P.2d 47

¶6 Here, the trial court correctly found that based on the record before it, the testimony at hearings, and taking judicial notice of the prior 2015 case involving John and Pamela, that John intended to prohibit legal proceedings that would invalidate his will or proceedings that would result in a beneficiary receiving a different portion of his estate than what was specified in his will. A will contest has been defined broadly, as "any legal proceeding designed to result in the thwarting of the testator's wishes as expressed in the will." Id. ¶ 3. The parties do not dispute that Pamela brought a will contest. On appeal, Pamela's bankruptcy trustee argues that because Pamela's contest was made in good faith or on probable cause, the no contest clause should not be enforced against her.

¶7 Case law on a "good faith probable cause" defense against the application of a no contest clause is limited. The exception to enforcement appears to have first arose in Matter of Estate of Westfahl, 1983 OK 119674 P.2d 21Westfahl, announced a general rule that "[a]lthough there is a split in authority concerning whether a forfeiture clause will be enforced if good cause is shown, the consensus rule is that the forfeiture clause should not be invoked if the contestant has probable cause to challenge the will based on forgery or subsequent revocation by a later will or codicil." Id. ¶ 6. Westfahl held that an attempt to probate a later purported will did not trigger the no contest clause as a challenge to a prior will, even though the later will was eventually found invalid, because the proponent had a legal duty to produce the later will if he had probable cause to believe it was genuine. Id. ¶ 7. The Court noted that "[t]here is a legal obligation to produce a will for probate by one who has custody of the will." Id. Hence, the proponent "did not contest the validity of the 1963 will; he performed his statutory duty by propounding the 1976 will." Id.

¶8 Although Westfahl is cited as the basis of a "probable cause" defense against the enforcement of a no contest clause, the case does little to explicitly establish such a defense. The Court found the defendant "did not contest the validity" of the will in question. Id. ¶ 7. As such, the no contest clause was never triggered. The oblique discussion of good faith and or probable cause occurred only while noting that the legal obligation to produce the later will for probate would not have arisen if the proponent knew it was false. As such, it does little to establish the parameters of such a defense.

¶9 The next case to examine the defense is Barr v. Dawson, 2007 OK CIV APP 38158 P.3d 1073Barr, like Westfahl, does not center around a "good faith" defense to the exercise of the no contest clause, but instead holds that seeking the statutorily permitted spousal share of an estate does not constitute a challenge to the will and that, as a matter of law, a spousal election is not sufficient to invoke a no contest clause. Id. ¶ 11 (citing In re Rettenmeyer's Estate, 1959 OK 199345 P.2d 872Id. ¶ 13. The court raises equitable principles only in noting that, after finding the trust did provide for the mother, Barr withdrew the spousal election, but the trustee then attempted to invoke the no contest clause. Id. ¶ 14. The court found that the trustee was equitably estopped from doing so. Id.

¶10 Calhoon v. Oakes, also holds that a beneficiary's actions did not constitute a challenge to a trust and will, and hence, a "[s]on's challenge to his mother's use and management of trust principal assets and the ranch does not violate the forfeiture clauses of his father's trust or will." 2016 OK CIV APP 61423 P.3d 664Calhoon correctly characterizes Westfahl as providing a limited defense to the enforcement of a no contest clause rather than establishing a broad equitable principle that any "good faith" challenge or challenge made with "probable cause" prevents enforcement. Id. ¶ 13.

¶11 Pamela's trustee agrees that Oklahoma cases have only recognized the good faith or probable cause exception to enforcement of a no contest clause in the context of forgery or revocation by later codicil; however, he also argues that "there is no logical reason to limit the rule to those types of challenges." Brief-in-Chief, pg. 9. In support of this contention, he cites the Restatement (Third) of Property (Wills & Don. Trans.) § 8.5 (2003), which states that the legitimate aims of a no contest clause should be weighed against the "concern that the jurisdiction of the court to determine the validity of a donative transfer not be defeated." This section notes that "a purported transfer by a donor who lacked capacity to make the transfer or a transfer that was procured by wrongdoing should be invalid" as it would contravene public policy to enforce the no contest clause. Therefore, the Restatement provides that a no contest clause is valid and enforceable unless the challenge was based on probable cause. 

¶12 But the Restatement (Third) of Property has not been adopted by the Oklahoma Supreme Court, nor have its principles been enacted into law. See Matter of Estate of Pierce, 2017 OK CIV APP 25 states have explicitly adopted broader probable cause exceptions is insufficient to find that Oklahoma has adopted the broad rule he seeks. We decline to adopt it here.

¶13 We find no other support for the view that a no contest clause is ineffective purely because a beneficiary may have believed they had probable cause to challenge a will or did so in "good faith" when attempting to obtain a larger share through intestacy. Although forfeiture is disfavored, we must always be cognizant of the bedrock principle that the intention of the testator of a will or the settlor of a trust is controlling and must be given effect unless that intent "attempts to effect what the law forbids." Westfahl, 1983 OK 119 with the full anticipation that family members who receive less than an intestate distribution would provide may otherwise launch such a challenge. It becomes part of the testator's plan that his or her intended distribution will be carried out without challenge and the clause properly intends to create a disincentive to fractious beneficiaries attempting to disrupt the testator's chosen disposition to their advantage.

¶14 In this case, Pamela elected to challenge the will in the hope of gaining more than it provided. The court tried this issue, and rejected her claims of a lack of competency, undue influence, and lack of statutory formalities. That decision is now final. We find no support for a broad rule that a no contest clause is unenforceable simply because a beneficiary, with full knowledge of the will's provisions, has some hope that they can invalidate a will it in order to receive a more favorable intestate distribution. And yet, under the bankruptcy trustee's proposed rule, any reasonable chance of invalidating a will would be sufficient to invalidate the no contest clause. While a beneficiary is of course free to challenge a will such as was done here, she does so at her peril. If the challenger is unsuccessful in invalidating the will, all that instrument's provisions must be enforced, unless the provision "attempts to effect what the law forbids." Id. The no contest provision at issue here is not forbidden by law. It must therefore be enforced.

¶15 AFFIRMED.

HUBER, P.J., and HIXON, J., concur

FOOTNOTES

in terrorem clause, as the latter term includes "any clause seeking to coerce a person into taking or refusing to take some action." Martin D. Begleiter, Anti-Contest Clauses: When You Care Enough to Send the Final Threat, 26 Ariz. St. L.J. 629, 641 n.1 (1994).

Probable cause exists when, at the time of instituting the proceeding, there was evidence that would lead a reasonable person, properly informed and advised, to conclude that there was a substantial likelihood that the challenge would be successful. A factor that bears on the existence of probable cause is whether the beneficiary relied upon the advice of independent legal counsel sought in good faith after a full disclosure of facts.

Id.

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105